## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARAGON BELLAMY MILLER,<br><br>Defendant. | Case No. 2:16-cr-00269-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's Emergency 3582(c)(1)(A)(i) Motion for Compassionate Relief (Dkt. 48), in which he requests that the Court release him so that he can care for his ailing mother. Also before the Court is the Government's Motion to Dismiss Petitioner's Request for Compassionate Release (Dkt. 52) due to his failure to exhaust his administrative remedies. The motions are fully briefed and at issue. For the reasons that follow, the Court will grant the Government's motion to dismiss for failure to fully exhaust his administrative remedies and will, accordingly, deny Defendant's motion without prejudice to it being refiled following the conclusion of any available appeals in the Bureau of Prisons.

## BACKGROUND

Defendant, Aragon Bellamy Miller, was indicted on and pled guilty to one count of possession of sexually explicit images of minors, in violation of 18 U.S.C. § 2252(a)(4)(B). Dkt. 13. Miller was sentenced to 57 months in prison. Dkt. 30. Miller alleges that on July 26, 2019, he submitted a written request for compassionate release to the Warden of FCI-Engelwood. Dkt. 48 at 2; Dkt. 49-1 at 4-5. Miller requests compassionate release because his mother has Stage 4 cancer and he is her only available caregiver. Dkt. 48 at 1, 9-11.

The Government filed its motion to dismiss arguing that Miller has not exhausted his administrative remedies. Miller's request was not received by the Warden until August 28, 2019. Dkt. 52-1. Miller's request was denied by the Warden on September 13, 2019. Dkt. 52-1 at 2-3. An appeal of that denial is available to Miller, and he has not taken advantage of that process.

## ANALYSIS

Miller brings his motion under 18 U.S.C. § 3582(c), which allows the Court to modify a term of imprisonment for extraordinary and compelling reasons either upon a motion of the Director of the Bureau of Prisons or on motion of the defendant.[1] The statute provides, in relevant part, that the Court

---

[1] Section 3582 was amended by the First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons.

upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment

18 U.S.C. § 3582(c)(1)(A).

The evidence in the record shows that Miller's request was received by the warden on August 28, 2019 and was denied on September 13, 2019. The Warden's denial notified Miller that if he was unsatisfied with the denial he may file an appeal within 20 days. Dkt. 52-1 at 3. There is no evidence in the record that Miller has filed an appeal or otherwise attempted to exhaust his administrative remedies. *See* 28 C.F.R. § 571.63.

The Government argues that Miller's motion should be dismissed because the Warden denied his request on September 13, 2019 and Miller has failed to exhaust his administrative remedies. Dkt. 52 at 1-2. Miller argues that the Government misreads the statute, and that the Court should be able to consider his motion 30 days after the Warden received his request, even if the Warden denied that request. Dkt. 53.

Miller relies on *United States v. Morgan*, 2019 WL 1427538 (D. Nev. Mar. 29, 2019), *United States v. Heromin*, 2019 WL 2411311 (M.D. Fla. June 7, 2019), and *United States v. York*, 2019 WL 3241166 (E.D. Tenn. July 18, 2019) to support his argument. In *Morgan*, the defendant appears to have exhausted his

administrative remedies prior to bringing his motion for compassionate release and the court did not address exhaustion. 2019 WL 1427538, at *1. In *Heromin*, the court noted that the defendant had likely not exhausted his administrative remedies but chose to deny his motion for compassionate release on the merits. 2019 WL 2411311, at *1.

Only in *York*, did the Court actually determine that, despite the warden's denial and the defendant's failure to exhaust administrative remedies, it could still decide the merits after 30 days had lapsed since the defendant submitted his request to the warden. 2019 WL 3241166, at *5. However, the court in *York* mischaracterized the language of the statute by citing the language of *Heromin*. *Id.* ("Other district courts have recognized that the language of § 3582(c)(1)(A) … requires the defendant to file an administrative request with the BOP 'and then either exhaust administrative appeals or wait thirty days after submitting his request to the BOP.' " (quoting *Heromin*, 2019 WL 2411311, at *1) (emphasis added)).

The Government relies on *United States v. Elgin*, No. 2:14-cr-129-JVB-JEM, 2019 U.S. Dist. LEXIS 86571 (N.D. Ind. May 23, 2019), *United States v. Becks*, No. 8:18CR81, 2019 U.S. Dist. LEXIS 111051 (D. Neb. July 3, 2019), and *United States v. Estrada Elias*, 2019 WL 2193856 (E.D. Ky. May 21, 2019), all of which clearly hold that, when the warden denies the defendant's request, the

defendant must fully exhaust his administrative remedies before filing a motion with the court. These cases make clear that a defendant may not file his request with the warden, have it denied, and then file a motion with the court 30 days after making the initial request.

The statute is clear that a defendant may only file a motion for compassionate release after (1) fully exhausting his administrative remedies, or (2) a lapse of 30 days from the warden's receipt of the defendant's request. It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request. In this context "lapse" clearly means that the warden must fail to act on the defendant's request for a period of 30 days. *See Lapse,* Black's Law Dictionary (11th ed. 2019). The 30-day period gives the warden time to respond to the inmate's request, but prevents the warden from sitting on the request for an unnecessarily long period of time.

Miller has failed to exhaust his administrative remedies as required by § 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prison's administrative appeals process.

# ORDER

**IT IS ORDERED that:**

1.      The Government's Motion to Dismiss (Dkt. 52) is **GRANTED**.

2.      Defendant's Motion to for Compassionate Release (Dkt. 48) is

**DISMISSED without prejudice**.

3.      Defendant's Motion to Seal (Dkt. 50) is **GRANTED.**

DATED: January 8, 2020

B. Lynn Winmill
U.S. District Court Judge