UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARAGON BELLAMY MILLER,<br><br>Defendant. | Case No. 2:16-cr-00269-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant, Aragon Miller's Motion for Reconsideration of Granting Motion to Dismiss (Dkt. 58). Miller moves, under Rule 59(e), to have this Court reconsider its memorandum decision granting the Government's motion to dismiss Miller's motion for compassionate release. *See* Dkt. 57. For the reasons that follow the Court will deny the motion.

## BACKGROUND

Miller filed a motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c). Dkt. 48. Miller alleges that he should be granted compassionate release because his mother has Stage 4 cancer and he is her only available caregiver. Dkt. 48 at 1, 9-11. The Government moved to dismiss Miller's motion for failure to exhaust his administrative remedies. The Court found that Miller had not exhausted his administrative remedies, as required by the statute, and did not meet the requirements of

the statute that would allow him to bypass exhaustion. The Court granted the Government's motion and dismissed Miller's motion without prejudice so that he could refile after exhausting his administrative remedies.

## ANALYSIS

Miller seeks to have the Court reconsider its order dimissing his motion for compassionate release under Rule 59(e).[1] Miller argues that the Court failed to address his evidence that the Warden had failed to act on his letter within 30 days of receipt, which would allow him to bypass the exhaustion requirement. Miller also argues that new evidence demonstrates that § 3582(c)(1)(A) is ambiguous and that new evidence shows the exhaustion requirement is futile.

A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)). Further, Rule 59(e) requires that the motion to alter or amend the judgment be filed no later than 28 days after the entry of the judgment.

---

[1] The Court's order dimssed Miller's motion without prejudice so that Miller could exhaust his administrative remedies as required by statute. It was not a final judgment on the merits. Therefore Miller's motion for reconsideration should more properly have been brought under Rule 60. The Court considered Miller's arguments under Rule 60. For the reasons discussed below the Court would deny his motion under either Rule 60 or 59(e).

The Court entered its order dismissing Miller's motion on January 8, 2020. Miller filed his motion for reconsideration on February 18, 2020—40 days after entry of the order. Therefore Miller's motion is untimely.

Further, this is not a highly unusual circumstance. The Court considered Miller's argument that he sent his letter to the Warden in July 2019. However, the evidence in the record demonstrated that Miller's letter was not received by the Warden until August 28, 2019. The statute is clear that the 30 day clock starts when the Warden receives the letter, not when the inmate sends it.[2] § 3582(c)(1)(A).

Miller points to several district court cases to argue that there is "new evidence" regarding the ambiguity of § 3582(c)(1)(A). Miller raised this argument in his first motion and the Court found that the statute required either 1) the Warden received Miller's request and failed to act on it within 30 days, or 2) Miller exhaust his administrative remedies. Because the Warden had denied Miller's request within 30 days of receipt the Court found Miller must exhaust his administrative remedies. Miller cites no intervening Ninth Circuit case announcing a change in the interpretation of § 3582(c)(1).

---

[2] Miller appears to cite *Jett v. Penner*, 439 F.3d 1091, 1093 (9th Cir. 2006) to assert that the Court should take him at his word that he sent the letter in July and the Warden should be presumed to have received it. However, in *Jett* the inmate was defending against summary judgment and did not bear the burden of proof, whereas here Miller is the movant and bears the burden of both production and proof.

**MEMORANDUM DECISION AND ORDER - 3**

Finally Miller cites records of his administrative appeal process to suggest that exhaustion is futile. Miller had not begun the appeal process when the Court considered his motion in January. These records are not newly discovered evidence that might have been available when the Court made its initial decision. These records have been generated since the opinion was issued. Therefore they do not demonstrate that the Court's previous order was clearly erroneous. Instead these records demonstrate Miller is doing exactly what the Court told him he must do if he wanted to proceed on a motion for compassionate release.

A motion for reconsideration should not be used to disguise a subsequent motion for compassionate release. Instead Miller is welcome to file a subsequent motion when he has exhausted his administrative remedies as required by statute.

## ORDER

**IT IS ORDERED** that Defendant's Motion for Reconsideration of Granting Motion to Dismiss (Dkt. 58) is **DENIED.**

DATED: May 6, 2020

B. Lynn Winmill
U.S. District Court Judge

.